JAMES ELKS, Appellant, v. GEORGE CONN, Appellee.

**MASTER AND SERVANT:** Workmen's Compensation Act—Refusal to Insure Liability—Rejection of Act. The provision of the Workmen's Compensation Act that an employer who neglects to comply with Section 2477-m41, Code Supp., 1913, by taking out liability insurance, shall be *"liable under Part I of this act,"* construed, and held to mean that one so failing is not under the provisions of the Compensation Act, and that the failure of the employer to take out insurance, as provided under the law, has the same force and effect as the rejection of the law by the employer.

**STATUTES:** Construction—Rules of Interpretation—Prospective Application. Statutes are, as a rule, given a prospective application, unless a contrary intention appears; and while the intention of one legislature is not binding on another, yet the fact that a later legislature did, in effect, give the words of a prior act a certain interpretation is a circumstance properly to be considered in construing the prior act.

**STATUTES:** Construction—Rules of Interpretation—Effect to All Parts. The courts should, in construing a statute, give effect to the language used, and to all parts of the statute, whenever it can consistently be done.

**STATUTES:** Construction—Rules of Interpretation. In construing a statute, the intent is to be determined by means of the rules of interpretation, and not alone from the abstract and permissible definition of the terms used, and the several sections of an act are to be construed as parts of a connected whole, and harmonized; and it is proper to consider the occasion and necessity for its enactment, the difficulties or evils in the former law, and the remedy provided by the new one, and to give the statute that construction which is best calculated to advance its object and suppress the mischief and secure the benefits intended.

**MASTER AND SERVANT:** Workmen's Compensation Act—Purpose of Act—Benefit of Employee. The Workmen's Compensation Act is for the benefit of the employee.

**MASTER AND SERVANT:** Workmen's Compensation Act—Intent
6  of Act—Failure of Employer to Insure Liability Rejects the Act.
Sections 2477-m41 and 2477-m49, Code Supp., 1913, of the Work-
men's Compensation Act, discussed and construed; and *held*
that it was the intent of the law that a failure of the employer
to insure his liability would deprive him of the rights and de-
fenses provided in the act, and that, by so failing to insure, he
is not only presumed not to have accepted the act, but is de-
prived of all benefits of the act.

*Appeal from Humboldt District Court—*D. F. COYLE, Judge.

### MAY 14, 1919.

ACTION at law to recover damages growing out of per-
sonal injuries sustained by plaintiff while in the employ
of defendant, while in the construction of a drainage ditch.
There was a trial to a jury, resulting in a verdict for plain-
tiff for $4,500. After the verdict, and before judgment, the
trial court sustained defendant's motion in arrest of judg-
ment, and rendered judgment against plaintiff for costs.
The plaintiff appeals.—*Reversed.*

*Kenyon, Kelleher, Price & Hanson,* for appellant.

No appearance or argument for appellee.

PRESTON, J.—The petition, filed May 29, 1916, alleged
the relationship of employer and employee between plain-
tiff and defendant, at the time plaintiff was injured, Febru-
ary 11, 1916, and charged defendant with negligence in fur-
nishing plaintiff fuse, used by plaintiff in blasting, which
fuse was inferior, old, and defective; that plaintiff was
free from contributory negligence; that, as a result of
the explosion, both of plaintiff's eyes were blown out,
and his sight destroyed, his face wounded and disfigured,
his leg broken, and other injuries sustained. It was further
alleged that defendant failed to comply with the provisions
of Chapter 8-A, Title XII, of the Supplement to the Code,

1913, in respect to employers' liability and workmen's compensation, and failed and neglected to insure his liability, as by Section 2477-m41 is required; and that thereby the said defendant rejected the provisions of said act. The answer denies any negligence, and specifically denies that he rejected the terms and provisions of the Compensation Act; and says that he never served or caused to be served on any person, or posted any notice, with any view or intention of rejecting the terms thereof; that he never did any act to indicate that he intended to reject the terms thereof. It also pleads that the injury of plaintiff was due to contributory negligence of plaintiff, and that plaintiff assumed the risk. At the close of the evidence, the court submitted the questions of fact raised by the issues to the jury. No exceptions were taken to the instructions by either party. The court also submitted special interrogatories. The jury found that plaintiff was in the employ of defendant, and that defendant was guilty of negligence, and, by a general verdict, assessed damages in the sum of $4,500. The motion in arrest, so far as it is now material, is as follows:

"2. Because the petition of the plaintiff fails to state a cause of action against the defendant which is recognizable in a court of law in this: that it fails to show or state what acts or omissions of the defendant worked a rejection of the Workmen's Compensation Act, and states only that the defendant rejected the terms of the said act by reason of not taking out Workmen's Compensation insurance, which act is not a rejection of the act."

It was agreed by counsel for both sides that the court should specify the ground and reasons for the ruling on said motion, in order that the sole question presented might

1. MASTER AND SERVANT: Workmen's Compensation Act: refusal to insure liability: rejection of act.

be specifically set forth, and in order that, should this court reverse the lower court's decision, it might be directed by this court to enter judgment upon the verdict, without a further hearing or trial of the cause.

The court's ruling was based solely upon the ground that the failure of defendant, Conn, to take out insurance, as provided by the Workmen's Compensation Law, does not have the same force and effect as the rejection of the said law by the said Conn; and that the failure of Conn to take out such insurance does not take this case out of the Workmen's Compensation Statute; but that the liability of defendant is under the Workmen's Compensation Law. So that the one question presented is as to the effect of the failure of defendant to comply with the provisions of Sections 2477-m41 and 2477-m49.

It is admitted in the record that defendant did not comply with the two sections before named, and that no such insurance was taken out, and that he was not relieved by the insurance department and the industrial commissioner from the taking out of such insurance under the provisions of the last-named section. Section 2477-m, Code Supplement, 1913, provides substantially, without quoting the entire statute, that, except as by this act otherwise provided, it shall be conclusively presumed that every employer, as defined by this act, has elected to provide, secure, and pay compensation, according to the terms, conditions, and provisions of this act, for any and all personal injuries sustained by an employee, arising out of and in the course of the employment; and in such cases, the employer shall be relieved from other liability and levy of damages, or other compensation for such personal injury. Then follows the provision that an employer electing to reject the terms is deprived of certain defenses, and that negligence is presumed, and further:

"Every such employer shall be conclusively pre-
sumed to have elected to provide, secure and pay com-
pensation to employees for injuries sustained arising out
of and in the course of the employment according to the
provisions of this act, unless and until notice in writing
of an election to the contrary shall have been given to the
employees by posting the same in some conspicuous place
at the place where the business is carried on."

Section 2477-m41, Code Supplement, 1913, provides:

"Every employer, subject to the provisions of this act,
shall insure his liability thereunder in some corporation,
association or organization approved by the state depart-
ment of insurance. Every such employer shall within thirty
days after this act goes into effect exhibit on demand of the
state insurance department evidence of his compliance with
this section; and if such employer refuses, or neglects to
comply with this section, he shall be liable in case of in-
jury to any workman in his employ *under Part I of this
act.*"

The thirty-seventh general assembly, after plaintiff was
injured, and after the bringing of this suit, by Section 20,
Chapter 270, amended the last-named section by striking
out the words, "Part I of this act," at the end of the sec-
tion, and inserting the following:

"The common law as modified by statute, and in the
same manner and to the same extent as though such em-
ployer had legally exercised his right to reject the compen-
sation provisions of Chapter 8-A, Title XII, Supplement to
the Code, 1913."

It is appellant's contention that the language "Part I of
this act" creates an ambiguity and a doubtful meaning,
when applied to the facts of the case at bar, which require a
judicial construction of this act, and that said words should,
by judicial construction, be stricken therefrom, and that
in lieu thereof there should be inserted the language before

set out, in the amendment by the thirty-seventh general assembly. The question in regard to the ambiguity in the statute was suggested in *Sylcord v. Horn,* 179 Iowa 936, 940, but was not determined. In *Paucher v. Enterprise Coal Min. Co.,* 182 Iowa 1084, the question arose as to the construction of the words now under consideration. In that case, the defendant had not taken out insurance, and the trial court held that, under the entire act, construed together, the employer is required to take out this insurance, or be subject to the liabilities of one having rejected the act. Because of other controlling questions in that case, the point was not determined; but we did say that we were inclined to the view of the district court. The question is now presented for determination, and we are of opinion that the words referred to should be construed to mean that one failing to comply with the insurance provision is not under the provisions of the Compensation Act, though it may not be necessary to put it in the exact language contended for by appellant, and as used in the act passed by the thirty-seventh general assembly. Such is the substantial effect of it. The fact that the legislature has amended the law renders the determination of the point of little value as a precedent for cases arising after the passage of the amended statute. Statutes are, as a rule, given a

2. STATUTES: construction: rules of interpretation: prospective application.

prospective application, unless a contrary intention appears; and, conceding that the intention of one legislature is not binding upon another, and that the act of the thirty-seventh general assembly is not binding upon the courts in interpreting the words under consideration, still, the fact that the thirty-seventh general assembly did, in effect, give the words in question the interpretation contended for by appellant, is a circumstance properly to be considered by us. As bearing somewhat upon this proposition, see 36 Cyc. 1142. The act of the thirty-seventh general assembly does not, by

the language used, purport to give a construction to the act of which it is amendatory, but it is apparent that it was the purpose and intention of that legislature to remove the ambiguity of the former act. We said, in *Slutts v. Dana*, 138 Iowa 244, 250:

"While a legislative construction of an act is entitled to due consideration from the courts, it is by no means binding; and whenever it appears that the so-called construing act may have been passed simply for the purpose of removing doubt from previous acts, the courts should so consider it. And such was, in our judgment, the purpose of the chapter."

Code Section 3446 provides:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

It must, of course, be conceded that there is an ambiguity in regard to the words and statute heretofore referred to. This being so, it is the duty of the courts to give effect to the language used, and all parts of the statute, whenever it can be consistently done, and to so construe the statute as to give it force and effect, and in such a manner as to best accomplish the evident intent of the legislature. To do this we resort to certain established rules of construction. This intent is to be determined by means of the rules of interpretation, and not alone from the abstract and permissible definition of the terms used. The statute should be construed with reference to its general purpose and aim, and this involves the consideration of its subject-matter, and the change in or

3. STATUTES: construction: rules of interpretation: effect to all parts.

4. STATUTES: construction: rules of interpretation.

addition to the law. It is proper to take into consideration the law as it was before, the mischief sought to be remedied, and the nature and the reason of the remedy. The several sections of an act are to be construed as parts of a connected whole, and harmonized, if possible. Appellant cites authority to these propositions: that, if the intention of the legislature cannot be discovered, it is the duty of the court to give the statute a reasonable construction, consistent with the general principles of law; that the reason of the law will prevail over its letter, especially where the literal meaning would work an injustice; that words may, accordingly, be rejected and others substituted; that every statute must be construed with reference to the object intended to be accomplished by it. In order to ascertain this object, it is proper to consider the occasion and necessity for its enactment, the difficulties or evils in the former law, and the remedy provided by the new one; and the statute ought to be given that construction which is best calculated to advance its object and suppress the mischief and secure the benefits intended. 36 Cyc. 1108, 1109, 1110.

Section 2477-m2 of the Compensation Act is:

"The rights and remedies provided in this act for an employee on account of injury shall be exclusive of all other rights and remedies of such employee * * * and all employees affected by this act shall be conclusively presumed to have elected to take compensation in accordance with the terms," etc.

5. MASTER AND SERVANT: Workmen's Compensation Act: purpose of act: benefit of employee.

Appellant contends that, if an employer has taken all the steps required by the act to adopt the compensation principle, the only remedy of an employee who has also come under the act, as against the employer, is to take compensation, and employers are brought under the act by presumption that, if they do nothing, they are presumed to have adopted the compensa-

tion provision of the statute. but that, before employers can defeat the right of a workman to elect, after the accident, to sue for common-law damages, without the common-law defenses' being available to the employer, the employer must go a step further: he must either insure against his liability for compensation, under Section 2477-m41, or comply with Section 2477-m49, in furnishing proof to the insurance department which is satisfactory to both the insurance department and the Iowa industrial commissioner of the employer's solvency and financial ability to pay the compensation benefits provided by the act (citing 1 Bradbury's Workmen's Compensation 311). If the ruling of the trial court was right, it would be proper to consider the situation in which plaintiff or an employee would find himself. If he would be placed in a worse situation by the enactment of the compensation law than he was before, it would be a matter properly to be taken into consideration in determining whether the interpretation given the law by the trial court is a reasonable one, and whether such was the intention of the legislature.

The compensation law is for the benefit of the workman. *Mitchell v. Phillips Mining Co.*, 181 Iowa 600, 607. In the instant case, it was found by the jury that the employer, Conn, was guilty of negligence in furnishing plaintiff defective fuse. As a result, plaintiff was severely injured. Prior to the enactment of the Compensation Law, he could have sued defendant at common law and recovered judgment and collected his damages, if defendant had been financially responsible. But assume for the purposes of the case, that, after the commencement of the suit, defendant had disposed of his property, or become insolvent. The provision of the statute that he be required to take out insurance, to guarantee the payment of such sums as should be awarded

6. MASTER AND SERVANT: Workmen's Compensation Act: intent of act: failure of employer to insure liability rejects the act.

the employee under the Compensation Act was not com-
plied with, nor was he relieved by the commissioner from
taking out such insurance, under Section 2477-m49. In
such a situation, defendant was in the position, at the com-
mencement of the action, to say to the court, if the action
were at common law, that, notwithstanding his failure to
comply with the provisions with reference to insurance, he
was still operating under the Compensation Law, and that
plaintiff could not maintain an action at common law
against him, because, by the terms of Part I of the law,
both were conclusively presumed to be operating under
that statute. Defendant was also in the position to say, if
proceedings were brought against him under the Compen-
sation Law, that, because he had failed to comply with the
provisions of Sections 2477-m41 and 2477-m49, plaintiff was,
therefore, not entitled to receive the benefits of the Compen-
sation Law; that a failure to comply with the conditions in,
the two last-named sections removed defendant from the
operation of the statute; that his failure to comply with
said conditions operated the same as though he had express-
ly rejected the law, under the provisions of Part 1 thereof;
and that, for that reason, plaintiff could not proceed against
him under the Workmen's Compensation Act. Under such
circumstances, and under the interpretation given to the act
by the trial court, the enactment of the Compensation Law,
instead of effecting justice, would operate to the disadvan-
tage of the plaintiff, and deprive him of any effectual rem-
edy for his injuries.

Such a state of affairs as given in the illustration is
not improbable. We think it could not have been the intent
of the legislature to enact a law which was intended for the
benefit of the employee and society in general, which would
place an employee in such a situation. In the case of *Bayon
v. Beckley,* 89 Conn. 154 (93 Atl. 139, 8 Neg. & Com. Cases,
588), while the language of the Connecticut statute is not

identical with our own, yet the essential features are quite the same. In that case, it was held that both parties had accepted the Compensation Law, because neither party had expressly rejected it or withdrawn from it. The plaintiff was injured while in the course of his employment, and it was then discovered that the defendant had failed to comply with the provisions of Section 30 of Part B of the act (Chapter 138, Public Acts, 1913). That section reads as follows:

"Every employer subject to Part B, who shall not furnish to the commissioner satisfactory proof of his solvency and financial ability to pay directly to injured employees or other beneficiaries, the compensation provided by this act, shall insure his full liability under Part B."

Section 42 of the Connecticut act reads:

"Any employer who has accepted Part B of this act and who thereafter fails to conform to any of the provisions of Section 30 of Part B shall thereby forfeit all benefits thereunder and shall be liable as if he had not accepted the same."

If the provisions of the Iowa statute, Section 2477-m41, had been worded the same as Section 42 of the Connecticut act, just quoted, there could be little doubt that the failure on the part of Conn either to insure or to be relieved thereby upon a showing to the commissioner would have operated the same as though he had not presumably accepted the act.

In the *Bayon* case, the defendant claimed that defendant was, therefore, properly presumed to have accepted Part B, because neither he nor the plaintiff had refused to accept it, and that he thereby incurred no liability to compensate the plaintiff for any injury under Part B, for the reason that he failed to comply with the provisions of Section 30, and that, if liable to her at all for her injuries, it was only in an action at law. The court said:

"These claims present two questions of law for our decision  *  *  *  second  *  *  *  does a failure to comply with the provisions of Section 30, of Part B, deprive not only them, but also their employees, of the benefits of its provisions?"

Discussing the second question in the case, which is similar to that before us, the court said:

"The chief benefit accruing to an employer from his acceptance of Part B is that he is thereby relieved from liability to any action for damages on account of personal injuries to his employees. If he had not accepted Part B, he would be liable for such injuries according to the rule of the common law, as modified by Part A. When, therefore, Section 42 provides that he shall forfeit all benefits under Part B, and be liable as if he had not accepted the same, the literal meaning of the language is that his failure to comply with the provisions of Section 30 deprives him of the right to exemption from liability at common law for injuries to his employees arising out of their employment, and renders him liable to such actions, as modified by Part A. This is his situation when he refuses to accept Part B, or, having accepted it, withdraws his acceptance. It is also the situation when the employee refuses to accept Part B, or, having accepted, withdraws his acceptance; for the employer in such case, although he still adheres to his acceptance of Part B, is relegated to his common-law rights. The effect of Section 42 clearly is to render the employer who does not comply with Paragraph 30 liable as he would be had he not accepted Part B; but it does not follow that he is also relieved from liability under Part B to compensate his employee for injuries for which the latter could not recover at common law. While providing that the employer's noncompliance with Section 30 results in a forfeiture of all his benefits under Part B, Section 42 does not, in terms, say that the employee loses all his rights and

benefits under Part B. Nothing is said as to its effect upon the employee; but, by making the employer liable as if he had not accepted the act, it necessarily restores to the employee his common-law right of action, as modified by Part A, against the employer. This is the clear implication from the language. If Part B gave compensation only for personal injuries for which a common-law action would lie, it would be entirely clear that the intention was, by Section 42, to make neglect to comply with Section 30 relegate both parties to their common-law rights. But the chief inducement to the employee to accept Part B unquestionably is the fact that he thereby secures compensation for injuries for which the common law gives him no remedy. It is too unreasonable to believe that the legislature intended that the employer, after having accepted Part B, should be able to deprive the employee of these benefits without notice, by simply neglecting to comply with the provisions of the act which he had accepted. It is consistent with the language of Section 42 to hold that failure by the employer to comply with Section 30 deprives the employer of his benefits under Part B, but does not deprive the employee of his benefits under it; and that the latter, in such case, may claim compensation under the act, or, in a case when the common law gives a remedy, may have this action at common law, as modified by Part A."

The construction given by the trial court, it seems to us, nullifies Sections 2477-m41 and 2477-m49. An employer, by doing nothing, would be presumed to have accepted the act. After having accepted the act by presumption, if he failed to comply with the requirements of the first of the two sections just referred to, no consequences would follow, and no rights be forfeited; and thus these sections would be of no force. Under the construction contended for by appellant, if the employer, by presumption, accepted the act, then he would be compelled to comply with all the

provisions of the act, including the taking out of insurance to protect his losses; and a failure on his part to obey the law with reference to insurance would deprive him of the benefits of the act.

For the reasons given, we think the trial court was in error in sustaining the motion in arrest of judgment. The cause is reversed and remanded, with directions to over-rule the motion and enter judgment against the defendant for the amount of the verdict, and as of the date when the verdict was returned.—*Reversed and remanded.*

LADD, C. J., WEAVER, GAYNOR, and SALINGER, JJ., concur.