PRUDENTIAL INS. COMPANY of America, Appellee, v. JAMES LOWRY et al., Appellants.

No. 44234.

April 5, 1938.

L. E. Liffring, for appellants.

Bennett & Shoup and Quintard Joyner, for appellee.

KINTZINGER, J.—In this action there had been a previous extension of the redemption period to March 1, 1937. On February 27, 1937, defendants filed an application for a further extension of the period of redemption to March 1, 1939, under the provisions of chapter 78 of the 47th General Assembly. On April 5, 1937, plaintiff-appellee filed a resistance to defendants' application for an extension of the redemption period based chiefly upon the ground:

"That the court * * * is without jurisdiction to grant said application for the reason that the redemption period expired on February 28, 1937, and no order was made prior to the first of March, 1937, setting the time and place of hearing on said application and prescribing the kind of notice to be given the plaintiff. * * * "

On May 22, 1937, the court upon oral application therefor entered an order fixing the time of hearing on said application for the 12th of June, 1937, and ordered notice thereof to be given to plaintiff and its attorneys by registered mail.

Thereafter, on June 12, 1937, the court after hearing on the application found that it did not have jurisdiction of the subject matter of said application, and no jurisdiction to extend the period of redemption, and therefore ordered and decreed that defendants' application be denied. Defendants appeal.

No question is raised in this case as to the good·faith of the appellant in making the application for an extension of the period of redemption to March 1, 1939; nor is there any claim made by appellee that "good cause" has been shown for denying the application for a further extension in this case.

The only question raised in this case, therefore, is whether or not the lower court had jurisdiction to hear the application for a further extension under chapter 78 of the 47th General Assembly.

It is shown by the record in this case that the last period of redemption expired March 1, 1937. It is also shown by the record that an application for a further extension of the period of redemption was filed herein on February 27, 1937, and before the expiration of the former extension.·

Appellee contends that the lower court had no jurisdiction to hear the application or grant a further extension because no order of court had been made fixing a time of hearing the application and prescribing the notice of such hearing prior to the expiration of the former period of redemption on March 1, 1937.

The law applicable to this action is contained in chapter 78 of the 47th General Assembly, and the sections of that chapter materially applicable hereto are the following:

"Sec. 2.    In all foreclosure actions in which order has been entered extending the period of redemption to March 1, 1937, as provided by chapter 110 of the acts of the Forty-sixth General Assembly, and in all foreclosure actions on mortgages and deeds of trust executed prior to January 1. 1936, in which decrees have been entered but the period of redemption has not expired, the court shall, unless upon hearing upon said application good cause is shown to the contrary, or said application is found not to have been made in good faith, order that no sheriff's deed shall be issued until March 1, 1939, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof."

"Sec. 5.    Immediately upon this act going into effect the clerk of the district court shall notify by registered mail in properly addressed and stamped envelopes at their last known addresses all defendant mortgagors or grantors of deeds of trust who have been granted extensions of the period of redemption,

and which have not been revoked, and also their attorney or attorneys of record, that unless an application for a further extension under this chapter is made before March 1, 1937, that the extension theretofore granted shall automatically expire.''

''Sec. 6.   Immediately upon filing of the application for the further extension of a period of redemption, the court shall set the time and place of hearing and prescribe the kind of notice to be given to all parties plaintiff, *and no sheriff's deed shall issue until the hearing is had upon such application* and the extension of the period of redemption denied, and unless good cause is shown why said extension should not be granted until March 1, 1939, as provided in section 2 of this act, the court shall grant the extension.''   [Italics ours.]

''Sec. 7.   All applications which have been filed for extension of redemption and upon which no hearings have been held shall be in full force and effect.''

The record in this case shows that an order was heretofore entered in this action under the provisions of chapter 110 of the 46th General Assembly, extending the period of redemption to March 1, 1937.   The record in this case also shows that an application for a further extension of the period of redemption to March 1, 1939, was filed herein on February 27, 1937, and prior to the expiration of the former period of redemption.

Section 2 of the foregoing statute provides that the court shall, in all actions in which the period of redemption was extended to March 1, 1937, upon hearing of the application, order that no sheriff's deed shall be issued until March 1, 1939, unless good cause to the contrary is shown.

Section 5 requires the clerk to notify all defendant mortgagors who have been granted extensions that unless an application for a further extension is made before March 1, 1937, the extension theretofore granted shall automatically expire.

Section 6 then provides that immediately upon the filing of an application for the further extension *the court shall set the time and place of hearing and prescribe the kind of notice to be given to all parties plaintiff, and no sheriff's deed shall issue until the hearing is had upon such application.*

The record shows without dispute that the application for a further extension was filed on February 27, 1937.   The application was therefore filed on time, but the undisputed evi-

dence also shows that the court did not at that time *immediately* set the time and place of hearing, and prescribe the kind of notice to be given to the parties plaintiff; and no order of court fixing the time of hearing on said application and prescribing the notice thereof was given until May 22, 1937, being more than two months after the expiration of the former period of redemption. Appellee therefore contends that the court was without jurisdiction to grant a hearing on the application for a further extension because the former period of redemption had expired on March 1, 1937, and before the order setting a time for hearing on the application was entered.

Appellants contend that when their application for a further extension was filed on February 27, 1937, and prior to the expiration of the former period of redemption, they had complied with all necessary requirements of the statute; and that the filing of their application before March 1, 1937, automatically extended the period of redemption until a hearing on the application was had.

■ Appellee contends, however, that because the court failed "immediately", and before March 1, 1937, to set a time for the hearing on the application, and prescribe notice thereof, upon the filing of the application, the jurisdiction of the court was lost. This, however, would be an illogical construction of the statute because appellants had until the last day of the period of redemption to file their application for another extension. Therefore, if the application was filed on the last day and the court was not in session, it would have been impossible for the court to fix the time of hearing and prescribe the notice *prior to the expiration of the period of redemption.* As the law does not require the impossible, the word "immediately" must be given a broader construction than that contended for by appellee; but where the facts are such that it would be impossible to enter the order at the time the application was filed, the term used must be construed as permitting the order, fixing the time of hearing and prescribing the notice, to be given thereafter. A reasonable construction of the language used would permit the order fixing the time of hearing, etc., to be made within a reasonable time after the filing of the application.

Appellants contend that such a construction meets the intention of the legislature because section 7 of the act provides that:

"All applications which have been filed for extension of redemption and upon which no hearings have been held shall be in full force and effect."

It is therefore contended by appellants that the court had full jurisdiction to hear the application and grant the extension if the order fixing the time of hearing, etc., was entered within a reasonable time after the application was filed.

Appellee contends that the ruling in the instant case is controlled by the rulings made in Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833; Iowa-Des Moines National Bank v. Alta Casa Investment Company, 222 Iowa 712, 269 N. W. 798; and Ditto v. Edwards, 224 Iowa 243, 276 N. W. 20, to the effect that the court had no jurisdiction to grant the extension.

Appellants contend, however, that the instant case is controlled by the ruling in First Trust Joint Stock Land Bank of Chicago v. Albers, 224 Iowa 865, 277 N. W. 451, in which this court found under somewhat similar facts that the lower court acted within its jurisdiction in granting the extension. The foregoing cases are fully discussed and considered in an able opinion written by Justice Miller in First Trust Joint Stock Land Bank of Chicago v. Albers, 224 Iowa 865, loc. cit. 872, 277 N. W. 451, 455, to which reference is made. In that case we said:

"Sections 5 and 6 of the present act have been hereinbefore set out and it is self-evident from the reading of said sections that they do not apply to any action wherein the statutory one-year period of redemption has not expired, but apply only to those actions in which orders had previously been granted, extending the period of redemption, and as a result thereof it is plain that the act read in its entirety places actions wherein a prior extension of the period of redemption had been granted in a different category from those in which the application is made to extend the period of redemption for the first time. * * * However, a reading of said sections 5 and 6 convinces the reader that in all cases wherein an order had been heretofore granted extending the period of redemption, *and wherein application for further extension was filed before March 1, 1937, that such period was further extended until after the hearing upon the application.* As will be noted, section 5 provides that unless an application is made for a further extension under this

chapter before March 1st, the extension theretofore granted shall automatically expire. Then section 6 provides that no sheriff's deed shall issue until the hearing is had upon such application, and the extension of the period of redemption denied. The provision that no sheriff's deed shall issue until a hearing is had upon such application, in effect does nothing more than state that the period of redemption shall be extended until such hearing, as it follows as a matter of fact that as soon as the period of redemption expires then sheriff's deed shall issue, and when the legislature provided that no sheriff's deed should issue until a hearing is had upon such application, it is our opinion that the period of redemption was thereby extended until the date of the hearing. The result thereof is that the period of redemption still being in existence, up to and until the date of the hearing, the court certainly retained jurisdiction, and the reasoning of the three cited cases could not possibly apply to the instant case because in those cases the rulings were based squarely upon the proposition that the period of redemption had expired before the hearing." [Italics ours.]

That the period of redemption had not expired is further supported by section 7 of the act, which provides that:

"*All applications which have been filed for extension of redemption and upon which no hearings have been held shall be in full force and effect.*" [Italics ours.]

The opinion in First Trust Joint Stock Land Bank of Chicago v. Albers, 224 Iowa 865, 277 N. W. 451, was followed in First Trust Joint Stock Land Bank of Chicago v. Spencer, 224 Iowa 1224, 1227, 278 N. W. 333, 335. In that case, Mr. Justice Anderson, writing the opinion, says:

"We conclude that the opinion in the Albers case, a part of which is above quoted, is decisive of the question of jurisdiction involved in the instant appeal, and it is our further conclusion that the court did not err in assuming jurisdiction and hearing the application for the additional extension and granting the additional extension to March 1, 1939."

It is also our conclusion in the instant case that it was the intention of the legislature, by the enactment of sections 2, 5, 6, and 7 of chapter 78 of the 47th General Assembly, to auto-

matically extend the period of redemption where an application therefor has been filed *before the expiration of the former period of redemption* until a hearing is had thereon, and that the main purpose of section 6 was to provide for a hearing upon the application upon notice to plaintiffs. It is our conclusion from a consideration of chapter 78 of the 47th General Assembly that it was the intention of the legislature to grant the further extension until March 1, 1939, where the application therefor has been filed prior to the expiration of the former period of redemption, unless good cause is shown for denying the same.

That such was the intention of the legislature is also borne out by the fact that chapter 78 of the 47th General Assembly was amended by chapter 79 within two months after the adoption of chapter 78. Section 6 of chapter 78 was thereby amended to read as follows:

"Upon the filing of an application for the further extension of a period of redemption, the court or any judge of said court either in term time or in vacation shall set the time and place of hearing and prescribe the kind of notice to be given to all parties plaintiff, and no sheriff's deed shall issue until the hearing is had upon such application and the extension of the period of redemption denied, and unless good cause is shown why said extension should not be granted until March 1, 1939, as provided in section 2 of this act, the court shall grant the extension."

Section 7 of chapter 78 was also thereby amended by adding thereto the following:

"The filing of an application for an extension of the right of redemption in any mortgage foreclosure action shall automatically extend the period of redemption until such time as the application shall have been finally disposed of by the court and no deed shall be issued until after a hearing has been had before the court on said application."

It is true that the amendment adopted by chapter 79 of the 47th General Assembly was enacted nearly two months after the adoption of chapter 78 of the 47th General Assembly, and was adopted at the same session of the legislature. Although it is the general rule that an act of the legislature is not retroactive, it is also the well-settled rule of law that a later pro-

vision of the legislature can be considered in construing a former act upon the same subject matter. The amending statute clears up any ambiguity existing in chapter 78 by expressly providing that the filing of the application for an extension of the period of redemption shall automatically extend the period until such time as the application is finally disposed of.

The rule that a subsequent statute may govern the construction of a former statute is supported by the following authorities: 59 C. J. 1033; Elks v. Conn, 186 Iowa 48, 172 N. W. 173; Cordes v. Board of Supervisors, 197 Iowa 136, 196 N. W. 997; New York Life Insurance Company v. Burbank, 209 Iowa 199, 216 N. W. 742; State v. Erle, 210 Iowa 974, 232 N. W. 279; Andrew v. American Savings Bank, 217 Iowa 447, 252 N. W. 245; Rural Independent School District v. New Independent School District of Kelley, 120 Iowa 119, 94 N. W. 284; First National Bank v. Missouri, 263 U. S. 640, 44 S. Ct. 213, 68 L. Ed. 486; Yarlott v. Brown, 192 Ind. 648, 138 N. E. 17.

In Elks v. Conn, 186 Iowa 48, loc. cit. 53, 172 N. W. 173, 175, this court said:

"Statutes are, as a rule, given a prospective application, unless a contrary intention appears; and, conceding that the intention of one legislature is not binding upon another, * * * in interpreting the words under consideration, still, the fact that the * * * general assembly did, in effect, give the words in question the interpretation contended for by appellant, is a circumstance properly to be considered by us. As bearing somewhat upon this proposition, see 36 Cyc. 1142."

In the case of Cordes v. Board of Supervisors, 197 Iowa 136, loc. cit. 139, 196 N. W. 997, 998, this court said:

"While a legislative construction of a prior statute is not binding upon the courts, it is entitled to consideration. Prime v. McCarthy, 92 Iowa 569, 61 N. W. 220; Elks v. Conn, 186 Iowa 48, 172 N. W. 173; Slutts v. Dana, 138 Iowa 244, 115 N. W. 1115. The rule is even more broadly stated by the United States Supreme Court, which holds that, if it can be gathered from a subsequent statute in pari materia, what meaning the legislature attached to the words of a former statute, it will amount to a legislative declaration of its meaning, and will govern the construction of the first statute. United States v. Freeman, 3 How. (U. S.) 556, 11 L. Ed. 724."

In Rural Independent School District v. New Independent School District of Kelley, 120 Iowa 119, loc. cit. 125, 94 N. W. 284, 286, this court said:

"Since the proceedings involved in this case were commenced, the legislature has amended Code, section 2794, so as to make it directly applicable to such a case as the one now before us (29 General Assembly, page 77, chapter 126); and counsel for plaintiff contends that this legislative recognition of the necessity for an amendment in order to cover such a case is an admission that previously the statute did not cover the case. We need not, however, assume to be so ignorant of the methods of legislation as to profess not to know that a statute may be insufficient in its language to carry out the legislative intent, and that when difficulties arise in its interpretation the legislature is likely to change the language so as to make its application clear in other cases, even though the amendment could not be effective as to the case in which the difficulty has arisen. It is quite as likely that the language of the amendment was intended to make the statute correspond to what had previously been supposed or assumed to be the law as that it was thereby intended to change the general intent and purpose of the law."

In First National Bank v. Missouri, 263 U. S. 640, loc. cit. 658, 44 S. Ct. 213, 216, 68 L. Ed. 486, that court said:

"This interpretation of the statute by the legislative department and by the executive officers of the government would go far to remove doubt as to its meaning if any existed."

In Yarlott v. Brown, 192 Ind. 648, 138 N. E. 17, 19, that court said:

"While not conclusive on the courts, a construction given to the statute by a subsequent legislature is entitled to consideration, and, if doubt and uncertainty exist as to the meaning of language used in the first statute, such construction given by a later statute may be persuasive of the legislative intent. [Citing cases.]"

Likewise, in the case at bar, the legislature must have recognized the ambiguity and inconsistency of some of the language used in chapter 78 of the 47th General Assembly, and therefore at the very same session, and within two months there-

70

after, the legislature amended chapter 78 of the 47th General Assembly by enacting chapter 79 of the 47th General Assembly, evidently for the very purpose of making clear what was not clear before, and removing the ambiguity in the former statute. We are therefore constrained to hold that the legislature by chapter 78 of the 47th General Assembly intended to have the courts retain jurisdiction of the matter of extending the period of redemption in all cases where the application for an extension of the period of redemption was filed prior to the expiration of the former period of redemption until a hearing was had thereon.

The constitutionality of this statute has not been raised on this appeal, and that question is therefore not considered herein.

For the reasons hereinabove expressed, we are constrained to hold that the lower court had jurisdiction to hear the application for an extension of the period of redemption to March 1, 1939.

The motion to dismiss the appeal is overruled.

The judgment of the lower court is therefore hereby reversed, and remanded, with instructions to enter the necessary order in harmony herewith.—Reversed and remanded, with instructions.

STIGER, C. J., and ANDERSON, RICHARDS, DONEGAN, and MILLER, JJ., concur.