CHARLES MOHNS, Appellant, v. PETER E. KASPERBAUER et al., Appellees.

No. 43053.

DECEMBER 17, 1935.

Douglas Rogers, for appellant.

Andrew Bell, for appellees.

ALBERT, J.—On the 31st of October, 1933, a judgment was entered and a mortgage foreclosed on the land in question. Execution was issued and sale was had on the 6th day of December, 1933, and therefore the period of redemption would expire on the 6th day of December, 1934. On the 16th day of October, 1934, the defendants filed a written application with the district court where the judgment was entered, asking for an extension of the period of redemption as provided for in chapter 179 of the Acts of the 45th General Assembly. No notice was served of the filing of said application, and nothing was done thereunder, and on the 21st day of February, 1935, the defendants filed another application for the extension of the period of redemption under chapter 110 of the Acts of the 46th General Assembly. On March 16, 1935, the matter of this application was brought on for trial, and it was agreed that the resistance filed by plaintiff "is to apply not only to the first application filed but to the one filed recently under the new law." After hearing same, the court granted the extension of time until March 1, 1937. Hence this appeal.

The first section of chapter 179 of the Acts of the 45th General Assembly reads as follows:

"In any action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1935, and in the meantime the such owner or owners may redeem such property, and are entitled to possession thereof."

It will be noticed that under this section of the moratorium statute the court cannot enter the order therein provided except upon hearing, and this necessarily carries with it the idea that the opposing party is entitled to a notice of such hearing before the court would have jurisdiction to enter the order. There is no showing in this case that any such notice was given of the hearing on the first application for the rights of the de-

fendants under this section. The mere filing of the application without notice of hearing avails the applicants nothing. In order to get the benefit of this section of the statute, there must be an order made by the court as therein provided, and until that is done the statute has no operation. As applied to the situation before us, the time for the issuance of the sheriff's deed, or the expiration of the period of redemption, was on the 6th day of December, 1934. There having been no order made by the court, under the above-quoted section, after that date, the applicant was not entitled to redeem, because the time for redemption had expired. Chapter 110 of the Acts of the 46th General Assembly has no application whatever to the situation thus existing. That act provides, in the second section, as follows:

"In any action, for the foreclosure of a real estate mortgage or a deed of trust, which has been commenced prior to March 1, 1935, in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, *as now provided, has not expired,* upon application" etc. (Writer's italics.)

In the case at bar, the decree had been entered *and the redemption period had expired* at the time this latter act went into operation, and therefore this section of the Acts of the 46th General Assembly has no application to the situation as it exists in this case. The court was in error in giving defendants the benefit of the provisions of the Act of the 46th General Assembly under these circumstances.—Reversed.

KINTZINGER, C. J., and DONEGAN, PARSONS, POWERS, MITCHELL, ANDERSON, HAMILTON, and RICHARDS, JJ., concur.