IOWA-DES MOINES NATIONAL BANK & TRUST CO., Trustee, Appellee, v. ALTA CASA INVESTMENT COMPANY, Defendant, Appellant, N. M. WILCHINSKI, Defendant, Appellee, JAMES H. HUISKAMP, JR., et al., Interveners, Appellees.

No. 43658.

NOVEMBER 17, 1936.

James B. Weaver, for Iowa-Des Moines Nat. Bank & Tr. Co., plaintiff, trustee, appellee.

Gamble, Read & Howland, for defendant, appellee, N. M. Wilchinski.

Lloyd H. Williams, for defendant, appellant, Alta Casa Investment Co.

Kelly, Shuttleworth & McManus, for interveners, appellees, James H. Huiskamp, Jr., W. A. Logan, Carleton Beh and R. M. Borden.

MITCHELL, J.—On October 16, 1934, the Iowa-Des Moines National Bank & Trust Company, trustee, filed a petition of foreclosure in the office of the clerk of the district court of Polk County, Iowa. On the 18th day of January, 1935, decree and judgment was entered in favor of plaintiff and against Alta Casa Investment Company, in the approximate amount of $48,159.43, plus attorneys' fees and costs. Special execution was issued on January 22, 1935, and the mortgaged property was sold at sheriff's sale on March 2, 1935, for the sum of $36,000, to the State Central Savings Bank of Keokuk, Iowa, trustee. Sheriff's certificate of sale was duly issued to the purchaser. On March 2, 1936, the defendant, Alta Casa Investment Company filed application for extension of the period of redemption under the Moratorium Act of the 46th General Assembly, chapter 110, also known as House File No. 84. On March 3, 1936, the court made and entered of record an order, setting down for hearing on March 7, 1936, said application for extension of the period of redemption, and in said order prescribed notice to the plaintiff by delivery of a true copy of said order to plaintiff's attorney. On March 6, 1936, the interveners in this case made application for the right to intervene, claiming to be the holders of the sheriff's certificate. Permission was granted by the court, and on the same day interveners filed a resistance to the application of the Alta Casa Investment Company, claiming lack of jurisdiction of the district court to extend the period of redemption, and also alleging lack of equity in the defendant by reason of insolvency and lack of beneficial interest in the property. On March 7, 1936, all parties being represented, the matter was presented to the court. On March 24, 1936, the court denied the application of defendant for extension of the period of redemption and held that it had no jurisdiction to grant said extension. The Alta Casa Investment Company being dissatisfied with the decree of the lower court, has appealed to this court.

The facts in the case at bar which raise the legal question to be decided by this appeal are simple and not involved.

The period of redemption from the sheriff's sale expired on March 2, 1936. On that day appellant filed an application for extension of the period of redemption under the provisions of chapter 110 of the laws of the 46th General Assembly. No order of court was entered on that day and no notice was given. On the following day, March 3d, which was after the expiration of

the period of redemption, the appellant secured an order of court, setting down the application for hearing on March 7, 1936, and gave notice as provided in said order. The sole question presented by this appeal is, "Did the court, under these facts, have jurisdiction to entertain the application for extension of the period of redemption under chapter 110 of the laws of the 46th General Assembly?"

In the case of Metropolitan Life Insurance Company of the City of New York v. Reimer, 220 Iowa 1162, at page 1165, 263 N. W. 826, 827, this court said:

"It must be kept in mind that in the applications which the appellants filed they were asking for an extension of the redemption period and were not asking for a continuance of the case. They specifically state that they are brought under chapter 179 of the Acts of the 45th General Assembly, which is the redemption statute, and their right to the relief asked is based entirely upon that statute. If chapter 179 gave them the right to an extension of the redemption period, then the relief should have been granted, but, if under the plain terms and provisions of the statute this right was not given, the lower court was correct in denying the relief for which they prayed. This court has time and again laid down the rule that where a statute clearly expresses the Legislature's intent, no room for construction exists."

And at page 1168:

"The statute expressly provides, 'but the redemption period, as now provided, has not expired.' It leaves no room for construction because the language is so plain, clear, and unambiguous that it cannot be construed, and it shows the intent of the Legislature to deal only with those cases where the right of redemption had not expired. In the case at bar, at the time the application was filed, the right of redemption had expired and the appellee had secured sheriff's deed and the appellants were not entitled to any relief whatever under the statute."

The identical question presented by this appeal was considered and passed upon by this court in the case of Mohns v. Kasperbauer, 220 Iowa 1168, at page 1169, 263 N. W. 833, where this court said:

"It will be noticed that under this section of the moratorium statute the court cannot enter the order therein provided except upon hearing, and this necessarily carries with it the idea that the opposing party is entitled to a notice of such hearing before the court would have jurisdiction to enter the order. There is no showing in this case that any such notice was given of the hearing on the first application for the rights of the defendants under this section. The mere filing of the application without notice of hearing avails the applicants nothing. In order to get the benefit of this section of the statute, there must be an order made by the court as therein provided, and until that is done the statute has no operation. As applied to the situation before us, the time for the issuance of the sheriff's deed, or the expiration of the period of redemption, was on the 6th day of December, 1934. There having been no order made by the court under the above-quoted section, after that date, the applicant was not entitled to redeem, because the time for redemption had expired."

The appellant says that the Mohns case, above cited, was decided under chapter 179 of the laws of the 45th General Assembly and not chapter 110 of the laws of the 46th General Assembly, which is the moratorium law involved in this case. An analysis of these two laws shows that their terms are practically the same, and they therefore should be construed alike. The filing of the application on the last day was not enough to give the court jurisdiction thereof, and did not in any manner affect the running of the period of redemption. Chapter 110 of the laws of the 46th General Assembly requires a hearing upon the application, and a hearing necessarily involves the giving of notice. Until proper notice is given the court has no jurisdiction to entertain, pass upon the application, or grant the extension. In the case at bar the order of court was not entered until after the period of redemption had expired. The court therefore could not grant an extension under the statute, for chapter 110 provides that the owner or owners of foreclosed real estate may apply for an extension of the period of redemption only in cases where the period of redemption has not already expired. This is the clear wording of the statute, and this court cannot put something into the statute which it does not contain.

Appellant claims that interveners have failed to prove their

716

interest in the foreclosed property and that they were at the time of the intervention and hearing owners and holders of the sheriff's certificate. In view of the whole record, and the stipulation entered into between the attorneys representing the various parties, there can be no doubt it has been shown that the interveners are the assignees of the purchasers at sheriff's sale and therefore are owners and holders of the certificate of purchase, and, as such, they had the right to intervene.

It therefore follows that the judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

PARSONS, C. J., and ANDERSON, DONEGAN, RICHARDS, and HAMILTON, JJ., concur.