FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. SAMUEL J. WOOD et al., Defendants, SARAH BONAR, Intervenor, Appellees.

No. 43432.

DECEMBER 15, 1936.

H. E. Narey, for appellant.

J. W. Morse, for appellees.

ANDERSON, J.—In June, 1934, the appellant, The First Trust Joint Stock Land Bank of Chicago, commenced an action of foreclosure in the district court of Dickinson county, Iowa, asking for judgment upon an indebtedness of approximately $13,000, and the foreclosure of a mortgage securing the same upon a 160-acre tract of farm land in Dickinson county. The defendant, Annie Wood, was the title holder of the premises involved in the foreclosure proceeding. Answers were filed by the defendant, Annie Wood, and her husband, David Wood, in which it was claimed, among other things, that prior to the commencement of the foreclosure proceedings they had leased the property involved to one W. W. Pickering, who was in possession of said premises by virtue of said lease, and that prior to the commencement of the foreclosure proceedings said lease had been sold and assigned to one Sarah Bonar for a valuable consideration, and asked that the rights of the said assignee be protected in said foreclosure proceedings. Later Sarah Bonar intervened in said action and asked that her interest in said lease as assignee be established and be held superior to any interest or title of the parties plaintiff and defendant in said action. On October 5th, 1934, by stipulation of the plaintiff and defendant, a receiver was appointed to take charge of the mortgaged premises on March 1st, 1935, and continuing during the period of foreclosure and redemption. On the 23d of February, the title holders filed a motion for continuance under the provisions of Chapter 115 of the Acts of the 46th General Assembly, known as the Second Moratorium Act. A resistance to this application was filed and in March, 1935, a hearing was had thereon resulting in an order of court continuing the foreclosure action until March 1, 1937. The order provided for the appointment of a receiver and the distribution of the rents and profits in accordance with the provisions of the moratorium act. The order providing that the receiver therein appointed should take over all leases for the year 1935, and thereafter, and make such other and new and additional leases as necessary covering the period ending March 1, 1937. From this order this appeal is prosecuted by the plaintiff, The First Trust Joint Stock Land Bank of Chicago.

The only question raised and argued by the appellant is that the court erred in granting the continuance without requiring an accounting or payment of rentals from the date of the commencement of the foreclosure action, June 4, 1934. And the appellant claims that under sections 3 and 6 of the act in question the defendant, title holders, were not entitled to the order of continuance until those sections had been complied with. Section 6 of the act under consideration provides:

"In all cases where the hearing has not already been had on the application for continuance, the court shall determine the rentals and distribution of the rents, issues and profits from and after the date of the commencement of the said action of foreclosure."

And it is claimed by appellant that this provision was not contained in the original moratorium act, and that under the section it was necessary in the instant case for the defendant, title holders, to account for or pay the rentals accruing from June 4, 1934, the date of the commencement of foreclosure proceedings, up to the date of the order continuing the cause under the moratorium act. As we have repeatedly said, the moratorium acts were enacted for the benefit and relief of debtors due to the depression and an existing emergency, and there was no purpose in the enactment of the act to extend or enlarge any rights of the mortgagee. In the instant case, if the moratorium act was not in existence the mortgagee could not have acquired any interest in the rents accruing from March 1, 1934, to March 1, 1935, because they had been assigned (for a valuable consideration) to a third party prior to the time that any lien could have been created thereon under the appellant's foreclosure proceedings, and were we to construe the provisions of the Second Moratorium Act referred to as appellant's ask, then we would be extending to the mortgagee in the instant case a right to the rents and profits arising during the period of the assigned lease which it would not otherwise be entitled to. And we are of the opinion that it was not the intent of the legislature to so enlarge and extend the right and security of the mortgagee. We have held that the fact that a portion of the future accruing rents of mortgaged premises by assignment have been placed beyond the reach of the mortgagee does not prevent the court from continuing the foreclosure. Prudential Insurance Co. v. Bren-

nan, 218 Iowa 666, 252 N. W. 497. It is true that this decision was under the first or original moratorium act, but we are of the opinion that the sections of the new or second act referred to do not change the purpose and intent of the legislature in the enactment of the moratorium legislation. We are of the opinion that the order of the trial court in continuing the case is right and in accordance with the true intent and purpose of the legislature as indicated in the Moratorium Acts. An affirmance necessarily follows.—Affirmed.

PARSONS, C. J., and MITCHELL, KINTZINGER, STIGER, HAMILTON, RICHARDS, DONEGAN, and ALBERT, JJ., concur.