C. L. DITTO, Receiver of First National Bank of Lorimor, Appellee, v. WILLIAM H. EDWARDS et al., Appellants, C. C. HUNTER, Intervenor, Appellee.

No. 44081.

244

NOVEMBER 16, 1937.

J. D. Reynolds, for appellee C. L. Ditto.

Healey & Reynolds, for appellee C. C. Hunter.

R. Brown, for appellant.

RICHARDS, J.—In this suit in equity brought by the receiver of the First National Bank of Lorimor to foreclose a mortgage upon real estate owned by defendants Edwards, a decree of foreclosure was entered on January 28, 1935. Under special execution, pursuant to the terms of the decree, the sheriff sold the property on March 16, 1936, to the plaintiff receiver. On February 26, 1937, defendants Edwards filed a motion for an extension until March 1, 1939, of the time for redemption from the sale, invoking the provisions with respect to extension of time for redemption that are found in chapter 78 of the Acts of the 47th General Assembly. On March 16, 1937, an order was made that the hearing of the motion be had on March 23, 1937, and that all parties plaintiff be duly notified of said time of hearing, and it was further ordered that "the time of redemption in said cause is hereby extended until hearing is had on said motion, and further ordered that no sheriff's deed shall issue until such hearing is had as above ordered." No notice of said motion or of any hearing thereon was at any time served on any of the parties plaintiff or on any other person. On March 22, 1937, one C. C. Hunter filed a petition of intervention praying that the motion of defendants be overruled and that the court order issuance of a sheriff's deed to the intervenor as the holder and assignee of the certificate of purchase at the special execution sale. Intervenor alleged that he had purchased said certificate from plaintiff and had had same recorded on

February 26, 1937, in the office of the county recorder. As grounds for the relief prayed by intervenor he alleged that defendants Edwards had attempted to extend the period of redemption by filing their motion, but had failed to have the court, by order within the time provided by law, prescribe the time, place, and notice of hearing on the motion, and had failed to procure the service of said notice on plaintiff or on intervenor. On April 5, 1937, upon hearing upon the motion and petition of intervention the district court entered order denying defendants' motion. The question on this appeal taken by defendants is whether the motion should have been sustained.

We will first discuss the intervenor's contention that defendants failed in their attempt to procure an extension of the period of redemption, because they at no time served on the parties plaintiff or on intervenor any notice of their motion or of any hearing thereon.

Above mentioned chapter 78 of the Acts of the 47th General Assembly recites that it has been determined by the 47th General Assembly that the need for continuing and extending the time to which the period of redemption may be applied for and extended is as great as it was at the time of enactment of chapter 179, Acts of the 45th General Assembly, and chapter 110, Acts of the 46th General Assembly. In a succeeding portion of said chapter 78 is found the following relevant portion of section 2, which we quote:

"Sec. 2. In all foreclosure actions in which order has been entered extending the period of redemption to March 1, 1937, as provided by chapter 110 of the acts of the Forty-sixth General Assembly, and in all foreclosure actions on mortgages and deeds of trust executed prior to January 1, 1936, in which decrees have been entered but the period of redemption has not expired, the court shall, unless upon hearing upon said application good cause is shown to the contrary, or said application is found not to have been made in good faith, order that no sheriff's deed shall be issued until March 1, 1939, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof. * * *"

The corresponding section of chapter 179 of the Acts of the 45th General Assembly, so far as relevant is as follows:

"Section 1. In any action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1935, and in the meantime the such owner or owners may redeem such property, and are entitled to possession thereof. * * *''

The corresponding section of chapter 110 of the Acts of the 46th General Assembly so far as relevant, is as follows:

"Sec. 2. In any action, for the foreclosure of a real estate mortgage or a deed of trust, which has been commenced prior to March 1, 1935, in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1937, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof. * * *''

The foregoing portions of Acts of the 45th and 46th General Assemblies are set out because it is urged by intervenor that the soundness of the contention of intervenor, now being discussed, has already been established and affirmed in cases involving said acts of the 45th and 46th General Assemblies, intervenor claiming that the determinative features of these earlier acts on which the cases are based are found in chapter 78 of the 47th General Assembly. The cases so relied on by intervenor are Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833, and Iowa-Des Moines Nat. Bank & Trust Co. v. Alta Casa Inv. Co., 222 Iowa 712, 269 N. W. 798.

In Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833, application was filed on October 16, 1934, asking an extension of period of redemption pursuant to the provisions of chapter 179 of the Acts of the 45th General Assembly. The one-year period for redemption provided by Code sections 12376 and 11774 would not have expired until December 6, 1934. No

notice was served after the filing of said application, and nothing was done thereunder. In holding that under this state of facts the district court erred in granting the application under authority of chapter 179, Acts 45th General Assembly, the opinion by Mr. Justice Albert states the following:

"It will be noticed that under this section of the moratorium statute the court cannot enter the order therein provided except upon hearing, and this necessarily carries with it the idea that the opposing party is entitled to a notice of such hearing before the court would have jurisdiction to enter the order. There is no showing in this case that any such notice was given of the hearing on the first application for the rights of the defendants under this section. The mere filing of the application without notice of hearing avails the applicants nothing. In order to get the benefit of this section of the statute, there must be an order made by the court as therein provided, and until that is done the statute has no operation. As applied to the situation before us, the time for the issuance of the sheriff's deed, or the expiration of the period of redemption, was on the 6th day of December, 1934. There having been no order made by the court, under the above-quoted section, after that date, the applicant was not entitled to redeem, because the time for redemption had expired."

In Iowa-Des Moines Nat. Bank v. Alta Casa Inv. Co., 222 Iowa 712, 715, 269 N. W. 798, 800, a real estate mortgage foreclosure case, the period of redemption provided by above sections 12376 and 11774 expired on March 2, 1936. On that day defendant owners filed application for extension of period of redemption under the provisions of chapter 110 of the Acts of the 46th General Assembly. On that day no order of court was entered nor notice given to plaintiffs. On the following day, March 3, 1936, the court entered an order fixing March 7, 1936, as the time for hearing the application, and on the same day defendant gave notice to plaintiff as provided in the order. The sole question presented by the appeal was whether under these facts the court had jurisdiction to entertain the application. Answering the question negatively Mr. Justice Mitchell, speaking for the court, after quoting with approval the portion of the opinion in the Mohns case that is above set out, stated:

"The filing of the application on the last day was not enough to give the court jurisdiction thereof, and did not in any manner affect the running of the period of redemption. Chapter 110 of the laws of the 46th General Assembly requires a hearing upon the application, and a hearing necessarily involves the giving of notice. Until proper notice is given the court has no jurisdiction to entertain, pass upon the application, or grant the extension. In the case at bar the order of court was not entered until after the period of redemption had expired. The court therefore could not grant an extension under the statute, for chapter 110 provides that the owner or owners of foreclosed real estate may apply for an extension of the period of redemption only in cases where the period of redemption has not already expired. This is the clear wording of the statute, and this court cannot put something into the statute which it does not contain."

▮▮▮ In considering whether the case at bar is ruled by the two foregoing cited cases it will be noticed that certain material facts are common to all three cases. That is, first, the applications were filed before the end of the statutory one-year period of redemption, second, no notice was served on the plaintiffs prior to the expiration of such one-year period, and third, no order prescribing the giving to plaintiff of notice of the application was entered by the court prior to the expiration of the one-year period of redemption *excepting* in the case at bar. It would thus appear that the difference in the factual situation is that in the case at bar the court made the order above described during the continuance of the year of redemption, whereas in the cited cases no such order was made at all, or was made after the expiration of the said period. The query that suggests itself is whether the element of time, that is, the fact that the order in the case before us preceded the termination of the redemption period, distinguishes this from the cited cases, and warrants a different conclusion.

Had the notice prescribed by the order been served on March 16, 1937, the day the order was made, service would have been had before the expiration of the year for redemption, and a different question than that before us would have been presented. Nor does it seem to be relevant to the issues presented here to offer any pronouncement as to the effectiveness of a

notice that might have been served after March 16 and before the date set for the hearing, because no notice of the motion or of the hearing was ever served. The query thus becomes simplified, and the answer depends on whether, after expiration of the redemption period, defendants were entitled to an order of extension under chapter 78, Acts of 47th General Assembly, in the absence of any notice at any time to plaintiff or to any other persons. Obviously they were not so entitled, for it cannot be said that the unheeded order that notice be given to plaintiff, though the order was made before the end of the year of redemption, in any way conferred the necessary jurisdiction over plaintiff which naught but service of a notice could accomplish. The fact is that, as in the Mohns case, no jurisdiction in personam of plaintiff had been acquired, and when in the case at bar the motion was heard the court rightly held it was without the necessary jurisdiction over plaintiff. Jurisdiction over intervenor was not acquired by reason of his appearing and raising the question, because, for the reasons found in the above excerpts from the two cited cases, the language of these three legislative acts as above quoted is such as to preclude the court from acquiring jurisdiction over plaintiff or over intervenor as plaintiff's assignee after expiration of the redemption period.

 There are, however, in chapter 78, Acts 47th General Assembly, certain provisions, additional to the portion above quoted, on which defendants rely as indicating a legislative intent that the mere filing of the application prevents the sheriff's deed from issuing until the hearing is had upon the application. Reference is to sections 5 and 6 of said chapter 78, which are as follows:

"Sec. 5. Immediately upon this act going into effect the clerk of the district court shall notify by registered mail in properly addressed and stamped envelopes at their last known addresses all defendant mortgagors or grantors of deeds of trust who have been granted extensions of the period of redemption, and which have not been revoked, and also their attorney or attorneys of record, that unless an application for a further extension under this chapter is made before March 1, 1937, that the extension theretofore granted shall automatically expire.

"Sec. 6. Immediately upon filing of the application for the further extension of a period of redemption, the court shall

set the time and place of hearing and prescribe the kind of notice to be given to all parties plaintiff, and no sheriff's deed shall issue until the hearing is had upon such application and the extension of the period of redemption denied, and unless good cause is shown why said extension should not be granted until March 1, 1939, as provided in section 2 of this act, the court shall grant the extension.''

But we are unable to find in these sections the legislative intent suggested by defendants, for the following reasons. In section 2 of chapter 78, the pertinent portions of which we have set out, the legislature contemplated two classes of foreclosure actions in which an order of extension may be made, that is, first, actions in which an order had previously been made extending the redemption period to March 1, 1937, pursuant to chapter 110 of the Acts of the 46th General Assembly, and second, actions in which decrees have been entered but the period of redemption has not expired. In section 5 the first mentioned class of actions is the subject matter that appears to have been in the mind of the legislature, the provision made being for notice to defendants in that class of cases, in order that they be informed of their rights to apply ''for a *further* extension under this chapter.'' The provisions of the following section 6 appear to have reference to the same class of cases. It is upon filing of the application ''for the *further* extension of a period of redemption'' that no sheriff's deed shall issue until the hearing upon the application, by terms of section 6. We are unable to find warrant in the words chosen by the legislature for holding that the provision that ''No sheriff's deed shall issue until the hearing is had upon such application'' pertains to cases in which there has not been a previous extension of time, as in the situation in the case before us.

Defendants point out that said chapter 78 was amended by House File 341 appearing as chapter 79 of the Acts of 47th General Assembly. The amendment adds to section 7 of chapter 78 the following:

''Sec. 2. * * * 'The filing of an application for an extension of the right of redemption in any mortgage foreclosure action shall automatically extend the period of redemption until such time as the application shall have been finally disposed of

by the court and no deed shall be issued until after a hearing has been had before the court on said application'."

This amendment was not effective until April 24, 1937. It was not existing law on April 5, 1937, when the district court entered the order from which this appeal was taken. Nevertheless, say defendants, this court should interpret chapter 78 in the light of the amendment and give the chapter the construction and meaning it would have had in event the amendment had been enacted on the same day as the enactment of chapter 78. Defendants say the indefiniteness of chapter 78 with respect to the effect of the filing of the application is such that a construction of the act is necessary and the amendment should be considered in construing the legislative intent. Without passing on the whole of this proposition, it may be said that, as indicated above, we do not find the indefiniteness in the language of chapter 78 that is claimed by defendants.

There is no necessity for considering appellee's claim that the order of March 16, 1937, was ineffective on the ground that the filing date in the clerk's office was March 17. Appellee's motion to strike appellants' amended argument is sustained. Appellee's motion to dismiss is overruled.

The case is affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, DONEGAN, PARSONS, SAGER, and KINTZINGER, JJ., concur.