FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. ERNEST ALBERS et al., Appellees.

No. 44126.

FEBRUARY 8, 1938.

REHEARING DENIED JUNE 24, 1938.

Underhill & Underhill and H. H. Lommen, for appellant.

C. E. Cooper, for appellees.

MILLER, J.—On January 7, 1926, the appellees Ernest Albers and Mildred Albers made, executed and delivered to appellant their promissory note in the sum of $20,000, and as security therefor executed and delivered to said appellant their mortgage conveying 203 acres of real estate in Monona County, described as follows:

The South Half (S½) of the Northeast quarter (NE¼) of Section thirty-four (34) ; the Northwest quarter (NW¼) of the southeast quarter (SE¼) of said Section thirty-four (34) ; the South half (S½) of the Northwest quarter (NW¼) of said

Section thirty-four (34) and the North three acres of the Northeast quarter (NE¼) of the Southwest quarter (SW¼) of said Section Thirty-four (34), all in Township Eighty-five (85) North, Range Forty Six (46), West of the Fifth Principal Meridian, and containing in all 203 acres, more or less.

Foreclosure action thereon was commenced December 23, 1931, decree of foreclosure entered on May 29, 1933, and thereafter the above-described premises were sold at sheriff's sale under special execution to appellant herein. Thereafter, on the 21st day of May, 1935, an order of court was granted extending the period of redemption to March 1, 1937, in accordance with the provisions of Chapter 110 of the Acts of the Forty-sixth General Assembly. On February 27, 1937, said appellees filed in the office of the clerk of the district court of Monona County, Iowa, an application to extend the period of redemption to the first day of March, 1939, in accordance with the provisions of Chapter 78 of the Acts of the 47th General Assembly. No separate order was made by the court in Monona County in this particular action, fixing a date for hearing thereon, or prescribing notice thereof, but on February 27, 1937, said court made a general order applicable to all cases pending therein, wherein applications were filed asking that the time of redemption be extended to March 1, 1939, which order was as follows, to wit:

"And now, to-wit, on this 27th day of February, 1937, it appearing that applications in various cases have been filed asking that the time to redeem from sheriff's sales be extended to March 1, 1939, it is ordered by the Court that in all cases where such application for extension of time to redeem to March 1, 1939, are filed prior to March 1, 1937, that the same shall stand for trial at the court house in Onawa, Iowa, at the March term 1937 of said Court at two p. m. on the 16th day of March, 1937, and that notice thereof shall be given to the various and several plaintiffs in said actions by the Clerk of this Court by registered mail duly stamped and addressed."

A notice, pursuant to the order, was sent by registered mail to appellant by the deputy clerk of Monona County, on March 11, 1937. On March 6, 1917, the appellant filed its resistance to the application for an extension of redemption period, and in the first paragraph thereof alleged as follows:

"That said application is insufficient for the reason that no order was made fixing a hearing on said application and providing for notice as required by law prior to March 1, 1937."

On March 23, 1937, said application came on for trial, and on March 29, 1937, the court entered an order extending the period of redemption to March 1, 1939.

Appellant, in its first assignment of error, claims that the court erred in granting the second extension period of redemption to the first day of March, 1939, for the reason that the court had no jurisdiction to grant such extension, claiming the period of redemption which had been extended by the previous order of court had expired prior to the time when notice was given on the present application, and prior to the time when any hearing was had on said present application. It is to be noted that appellant in this assignment of error extends considerably the limited claim that was made by it in the court below, as there the only objection was that no order was entered fixing time of hearing and providing for notice as required by law prior to March 1, 1937, whereas, it is now the claim of appellant that the court had no jurisdiction on account of the fact that the period of redemption had expired prior to the time when notice of hearing on the application was given (March 11, 1937), and prior to the time of the hearing (March 23, 1937). In the first instance it seems to us that the appellant has so enlarged its claim in this court from that claimed below, that it is a matter of serious doubt whether or not the question now urged by appellant was before the trial court.

In considering the claim before the trial court, that no order had been made fixing time of hearing and providing for notice, prior to March 1, 1937, the evidence is undisputed that the general order of the court, above referred to, was made on February 27, 1937; that this order fixed the time for hearing on all applications for extension of the period of redemption, and provided for notice thereof. As a result thereof, if there is any merit in appellant's contention in the trial court, it must be based upon the ground that such general order does not constitute compliance with the portion of section 6 of chapter 78 of the Acts of the 47th General Assembly, providing as follows:

"Immediately upon filing of the application for the further extension of a period of redemption, the court shall set the time

and place of hearing and prescribe the kind of notice to be given to all parties plaintiff.''

We are unable to conceive why such a general order, the very terms of which make it applicable to every such pending case, should not be a sufficient compliance with the portion of section 6 set out above. It is to be observed that said section directs the court to set the time and place of hearing upon the application, and prescribe the kind of notice to be given thereof, and the general order of the court does set the time and place of hearing, does prescribe the kind of notice to be given thereof; and directs that said order shall apply to each and every action pending in Monona County, Iowa, asking for an extension of the period of redemption to March 1, 1939. We are unwilling to establish a rule that the entry of such an order applying to all cases is invalid, but that a separate order, to the same identical effect, would be valid.

Appellant, however, strenuously insists that its pleading before the trial court was broad enough to raise the question that is now being urged, and in view of the fact that its claim in this court raises the question of the court's jurisdiction, we think it advisable to consider the same, and the effect thereof.

██ It is the contention of appellant that the prior holdings of this court in Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833, and in Iowa-Des Moines Nat. Bank v. Alta Casa Investment Co., 222 Iowa 712, 269 N. W. 798, are determinative of this question, to the effect that the court was without jurisdiction. At the outset it is to be noted that in each of the above cited cases, there had been no prior extension of the period of redemption, and in both of said actions the question submitted to this court had only to do with the extension of the period of redemption for the first time. The Mohns case was decided under the provisions of chapter 179 of the Acts of the 45th General Assembly, and the Alta Casa Investment Co. case was decided under the provisions of chapter 110 of the 46th General Assembly. The salient facts in both of said cases were identical in the following particulars: First, that the applications were filed before the expiration of the statutory one year period of redemption; second, that no orders of court prescribing notice to be given to the plaintiffs of said applications were entered prior to the expiration of the statutory one year period of redemption;

and third, that no notice was served upon plaintiffs prior to the expiration of such statutory one year period of redemption.

Chapter 179 of the Acts of the 45th General Assembly was the law applicable to the Mohns case, and the first paragraph of section 1 thereof provided as follows:

"In any action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1935, and in the meantime the such owner or owners may redeem such property, and are entitled to possession thereof."

In the Mohns case, Mr. Justice Albert speaking for the court, used the following language:

"It will be noticed that under this section of the moratorium statute the court cannot enter the order therein provided except upon hearing, and this necessarily carries with it the idea that the opposing party is entitled to a notice of such hearing before the court would have jurisdiction to enter the order. There is no showing in this case that any such notice was given of the hearing on the first application for the rights of the defendants under this section. The mere filing of the application without notice of hearing avails the applicants nothing. In order to get the benefit of this section of the statute, there must be an order made by the court as therein provided, and until that is done the statute has no operation. As applied to the situation before us, the time for the issuance of the sheriff's deed, or the expiration of the period of redemption, was on the 6th day of December, 1934. There having been no order made by the court, under the above-quoted section, after that date, the applicant was not entitled to redeem, because the time for redemption had expired."

The Alta Casa Investment Co. case was controlled by chapter 110 of the Acts of the 46th General Assembly, in which the language of the first paragraph of section 2 thereof is almost identical with the first paragraph of section 1 of chapter 179 of

the Acts of the 45th General Assembly, as hereinbefore set out. In that case Mr. Justice Mitchell, writing the opinion, called attention to the almost identical provisions of said acts, and in following the law as established in the Mohns case, held that the statutory one year period of redemption had expired prior to procuring an order for notice of hearing upon the application, or the giving of such notice, and held that for that reason the court was without jurisdiction.

The instant case, however, is to be guided by the provisions of chapter 78 of the Acts of the 47th General Assembly, the relevant portions of which act are as follows:

"*Sec. 2. In all foreclosure actions in which order has been entered extending the period of redemption to March 1, 1937, as provided by Chapter 110 of the acts of the Forty-sixth General Assembly,* and in all foreclosure actions on mortgages and deeds of trust executed prior to January 1, 1936, in which decrees have been entered but the period of redemption has not expired, the court shall, unless upon hearing upon said application good cause is shown to the contrary, or said application is found not to have been made in good faith, order that no sheriff's deed shall be issued until March 1, 1939, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof."

"Sec. 5. Immediately upon this act going into effect the clerk of the district court shall notify by registered mail in properly addressed and stamped envelopes at their last known addresses all defendant mortgagors or grantors of deeds of trust who have been granted extensions of the period of redemption, and which have not been revoked, and also their attorney or attorneys of record, that unless an application for a further extension under this chapter is made before March 1, 1937, that the extension theretofore granted shall automatically expire.

"Sec. 6. Immediately upon filing of the application for further extension of a period of redemption, the court shall set the time and place of hearing and prescribe the kind of notice to be given to all parties plaintiff, and no sheriff's deed shall issue until the hearing is had upon such application and the extension of the period of redemption denied, and unless good cause is shown why said extension should not be granted until March 1, 1939, as provided in section 2 of this act, the court shall grant the extension."

This court has recently had occasion to interpret said act, insofar as the same involved the granting of an extension of the period of redemption for the first time. We refer to the case of Ditto v. Edwards, 224 Iowa 243, 276 N. W. 20, in which action the application for an extension was filed prior to the expiration of the statutory one year period of redemption, and wherein, on the last day of such period an order was made providing for hearing upon said application, and providing for notice to be given of said hearing, but wherein no notice of said hearing was ever given. Therein Mr. Justice Richards, in writing the opinion, showed the similarity of that case to the Mohns and the Alta Casa Investment Co. cases in every particular, except that in the Ditto case the order fixed the time for hearing and prescribed notice within the statutory one year period of redemption, and in said opinion held that the principle of law established in the Mohns case, and in the Alta Casa Investment Co. case, was decisive of the question there at issue.

It is to be recalled, however, that in the instant case we have a different situation from that in all three of the cases cited, on account of the fact that in the instant case the period of redemption had heretofore been extended under the provisions of the Acts of the 46th General Assembly, whereas in the three cases cited no prior extension of the period of redemption had been granted.

It is to be noted that the provisions of section 2 of chapter 78 of the Acts of the 47th General Assembly, and the provisions of section 1 of chapter 179 of the Acts of the 45th General Assembly, other than the italicized portion of said section 2, are practically identical. It is apparent therefore that the legislature caused the provisions of said section 2 of chapter 78 of the Acts of the 47th General Assembly to be applicable, not only to cases wherein the one year statutory redemption period had not expired, but also to cases in which the period of redemption previously had been extended, and as a result thereof, if section 2 of the present act comprised the entire act we would then be compelled, in following the three cited cases, to place the same construction upon the case now before us as in those cases, but in applying said act we must of course consider the same in its entirety. Sections 5 and 6 of the present act have been hereinbefore set out and it is self-evident from the reading of said sections that they do not apply to any action wherein the statu-

tory one year period of redemption has not expired, but apply only to those actions in which orders had previously been granted, extending the period of redemption, and as a result thereof it is plain that the act read in its entirety places actions wherein a prior extension of the period of redemption had been granted in a different category from those in which the application is made to extend the period of redemption for the first time. It is for that reason that we are of the opinion that the reasoning in the three cited cases is not applicable to the instant case. In the three cited cases this court uniformly held that the one year period of redemption under the provisions of the acts applicable to the one year redemption cases had expired prior to the notice and hearing. However, a reading of said sections 5 and 6 convinces the reader that in all cases wherein an order had been heretofore granted extending the period of redemption, and wherein application for further extension was filed before March 1, 1937, that such period was further extended until after the hearing upon the application. As will be noted, section 5 provides that unless an application is made for a further extension under this chapter before March 1st, the extension theretofore granted shall automatically expire. Then section 6 provides that no sheriff's deed shall issue until the hearing is had upon such application, and the extension of the period of redemption denied. The provision that no sheriff's deed shall issue until a hearing is had upon such application, in effect does nothing more than state that the period of redemption shall be extended until such hearing, as it follows as a matter of fact that as soon as the period of redemption expires then sheriff's deed shall issue, and when the legislature provided that no sheriff's deed should issue until a hearing is had upon such application, it is our opinion that the period of redemption was thereby extended until the date of the hearing. The result thereof is that the period of redemption still being in existence, up to and until the date of the hearing, the court certainly retained jurisdiction, and the reasoning of the three cited cases could not possibly apply to the instant case because in those cases the rulings were based squarely upon the proposition that the period of redemption had expired before the hearing.

■■■ Appellant likewise claims that the court erred in granting this second extension of the period of redemption for the reason that the defendants have not shown good faith in try-

ing to refinance the mortgage indebtedness, and have failed to show any definite, concrete plan upon which settlement of the full amount of the debt could possibly be made within the two year extension period.

In the first instance, the law does not require or place any burden whatever upon the appellees to make any showing that they are entitled to the extended period of redemption, but the very provisions of the act itself require that the extended period of redemption be granted unless good cause is shown to the contrary. The appellant in support of this claimed error relies on the former opinions of this court, in Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338, and Reed v. Snow, 218 Iowa 1165, 254 N. W. 800. However, an examination of the record herein conclusively establishes that an entirely different situation exists here than did in either of those two cases. The evidence in the instant case establishes that the farm of appellees was located a mile and a half northwest of the town of Whiting; that the same was productive bottom land of a sandy, gumbo loam; that the improvements thereon were all in good state of repair, and consisted of a ten-room house, an eight-room house with steam heating plant, two barns, a double corn crib, grain house, hog house, ice house, wood house, two chicken houses, and a silo, with all of said buildings having cement foundations. The evidence likewise established that the reasonable value of the land at the time of the hearing was $135 per acre, and that in addition to the real estate, the appellee, Ernest Albers, was the owner of farm machinery of the value of $1,700, cattle of the value of $3,000, horses of the value of $300, and hogs of the value of over $500. The only indebtedness of appellees, other than that to the appellant herein, consisted of a chattel mortgage on the cattle in the sum of $750, and miscellaneous store accounts approximating $75. The appellees did at one time endeavor to refinance the indebtedness against this land through the Federal Land Bank of Omaha, Neb. This farm, however, is situated nine miles from the Missouri River, and on account of the fact that the same is within a restricted river area established by the Federal Land Bank of Omaha, it was impossible to complete the negotiations for a loan from said bank. The evidence, however, establishes without question that this land is highly fertile and productive, and in the opinion of the appellee Ernest Albers, who was called as a witness by ap-

pellant, there is a probability that he will be able to refinance through the Federal Land Bank when the work upon the Missouri River, that is now being done, is completed. This farm, it is true, has not been very productive the past few years, but the same is situated in a drought area, and for that reason the production therefrom has been far below normal. The land was sold at special execution to appellant for the sum of $19,000, leaving a deficiency judgment of $3,964.66, upon which deficiency judgment there has been credited from the receivership the total amount of $1,778.65.

■■■ It will be observed from the foregoing that the present value of the real estate, as was established by witnesses called by appellant, is in excess of the amount necessary to effect a redemption thereof, and likewise it will be observed that from the evidence herein the appellee is not insolvent. Under the record as above set out, it certainly cannot successfully be claimed that the appellees herein are solely without any prospects to redeem the property. In the cases relied upon by appellant, the defendants were hopelessly insolvent, and in addition thereto, the facts in both these cases established without question that neither of said defendants could ever hope to be able to effect a redemption if granted a continuance, and for that reason the court held that neither of said defendants were entitled to the benefits of the Moratorium Law. This court, in Replogle v. Ebert, 223 Iowa 1007, 274 N. W. 37, sustained the action of the trial court in granting a continuance wherein the record showed without any question that the defendants were at the time hopelessly insolvent, and the mortgage security wholly inadequate. In the instant case the record establishes that the appellees are not insolvent, and likewise, the appellant falls far short of showing that the mortgage security is wholly inadequate.

In the Replogle v. Ebert case, after showing the hopeless insolvency of the defendants, and the inadequacy of the security, the court uses the following language, on page 1011 of 223 Iowa (page 40 of 274 N. W.) :

"Appellants make the further point that the application under the present statute must be made in good faith, and it is their contention that an application cannot be made in good faith when there is no showing of probability whatsoever of paying off, refinancing, or redeeming said property. Assuming

this is a correct statement, are we able to say under this record that with a favorable farm season there is no probability whatsoever of this defendant being able to save at least a portion of his holdings?''

The application of the situation in the Replogle case, to the case now before us, is certainly determinative of the correctness of the ruling of the trial court in granting the extended period in the instant case.

Appellant in its remaining assignment of error claims there is good cause for denying the continuance because the appellee owners could not meet the carrying charges of the indebtedness and the taxes for the two-year extension period, even under the most favorable crop conditions. It seems to us that the prior discussion of the preceding assignment of error is determinative of this contention of appellant, and in following the rule laid down in the Replogle case, it does not seem to be fair or just to state that under the most favorable crop conditions it would be impossible for the appellees to meet the carrying charges and taxes during the years 1937 and 1938. Especially is this true when we consider that during the time covered by the prior extended redemption period the receivership upon this land not only made payments of taxes, but an additional amount of approximately $1,700 upon the deficiency judgment, which payments were made in spite of the unfavorable crop conditions then existing. It was the finding of the trial court that appellant failed to show good cause why the extension should not be granted, and we are of the opinion that in so finding there was no abuse of the discretion given the trial court in cases of this character, and said judgment is therefore affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, HAMILTON, KINTZINGER, DONEGAN, RICHARDS, and MITCHELL, JJ., concur.