FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. WESLEY SPENCER et al., Appellees.

No. 44224.

MARCH 15, 1938.

Dyer, Jordan & Dyer, for appellant.

Doran & Doran, for appellees.

ANDERSON, J.—Briefly, the pertinent facts involved are as follows: Action to foreclose was commenced in November, 1934, and judgment of foreclosure was entered in April, 1935. A sale was had under special execution on May 17, 1935. The judgment in foreclosure was for $10,820, and the sale resulted in leaving a deficiency judgment of $1,200. On April 27th, 1936, the appellees filed an application for extension of the period of redemption under the provisions of chapter 110 of the Acts of the 46th General Assembly, resulting in an order extending the

period of redemption to March 1, 1937. On February 25, 1937, the appellees filed an application for a further extension of the period of redemption under the provisions of chapters 78 and 80 of the Acts of the 47th General Assembly. On April 8, 1937, appellant filed resistance to the last application, and the court after a hearing thereon sustained the application for additional extension and entered an order extending the redemption period to March 1, 1939. From this order the present appeal is prosecuted.

The appellant contends that the case is ruled by the cases of Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833; Iowa-Des Moines National Bank & Trust Co. v. Alta Casa Investment Co., 222 Iowa 712, 269 N. W. 798; and Ditto v. Edwards, 224 Iowa 243, 276 N. W. 20, and that the court was without jurisdiction to entertain and hear the motion or application for continuance, or to grant the order of extension. It is fair to state that the order of extension involved in this appeal was made prior to the time of the filing of the opinion in First Trust Joint Stock Land Bank v. Albers et al., 224 Iowa 865, 1. c. 872, 277 N. W. 451, 455, which was filed in this court on the 8th day of February, 1938, and likewise the briefs and arguments of the parties in this appeal were prepared and filed prior to the filing of the opinion in the Albers case, supra. In the Albers case, Mr. Justice Miller reviews the history of the legislative enactments involving the various Moratorium Acts, and also reviews and distinguishes the opinions in the three cases above mentioned; and for a thorough and complete discussion of the matters involved reference is hereby made to the opinion in the Albers case.

In reviewing the Mohns case and the Investment Company case, Justice Miller points out that the facts in both of said cases were identical in the following particulars: (1) That the applications for extensions were filed before the expiration of the *statutory* one-year period of redemption; and (2) that no orders of court were entered prescribing notice and time of hearing prior to the expiration of the *statutory* period of redemption. Justice Miller further indicates that the proceedings in the Mohns case were under the provisions of the Acts of the 45th General Assembly, chapter 179, and that the proceedings in the Alta Casa Investment Company case were under the provisions of the Acts of the 46th General Assembly, chapter 110, and that in both of said cases the *statutory* period of redemption had ex-

pired prior to the entering of an order for notice and hearing upon the application for extension of the period, and in both of said cases this court held that the trial court was without jurisdiction to enter an order of extension by reason of the failure to fix the time of hearing and prescribe the notice therefor prior to the expiration of the statutory period of redemption.

The same factual questions were involved in the recent case of Ditto v. Edwards, 224 Iowa 243; 276 N. W. 20. In that case, however, the application for extension of the period of redemption was filed prior to the expiration of the *statutory* period of redemption, and on the last day of such period an order was made providing for hearing upon said application, and also providing for notice; but no notice was ever given. And Mr. Justice Richards, in writing the opinion in the Ditto case, referred to the similarity of that case with the Mohns and the Alta Casa cases, and followed the rulings in the cited cases and held that the opinion in the Alta Casa case was decisive of the question at issue in the Ditto case. However, in the Albers case and in the case at bar different situations prevail because in the Albers case, as well as the case at bar, the period of redemption had been extended under the provisions of the Acts of the 46th General Assembly, whereas in the cited cases no prior extension of the period of redemption had been granted.

In referring to this distinction and in construing sections 2, 5, and 6 of the present Moratorium Act, Justice Miller used this language in the Albers case:

"Sections 5 and 6 of the present act have been hereinbefore set out and it is self-evident from the reading of said sections that they do not apply to any action wherein the statutory one-year period of redemption has not expired, but apply only to those actions in which orders had previously been granted, extending the period of redemption, and as a result thereof it is plain that the act read in its entirety places actions wherein a prior extension of the period of redemption had been granted in a different category from those in which the application is made to extend the period of redemption for the first time. It is for that reason that we are of the opinion that the reasoning in the three cited cases is not applicable to the instant case. In the three cited cases this court uniformly held that the one-year period of redemption under the provisions of the acts

applicable to the one year redemption cases had expired prior to the notice and hearing. However, a reading of said sections 5 and 6 convinces the reader that in all cases wherein an order had been heretofore granted extending the period of redemption, and wherein application for further extension was filed before March 1, 1937, that such period was further extended until after the hearing upon the application. As will be noted, section 5 provides that unless an application is made for a further extension under the chapter before March 1st, the extension theretofore granted shall automatically expire. Then section 6 provides that no sheriff's deed shall issue until the hearing is had upon such application, and the extension of the period of redemption denied. The provision that no sheriff's deed shall issue until a hearing is had upon such application, in effect does nothing more than state that the period of redemption shall be extended until such hearing, as it follows as a matter of fact that as soon as the period of redemption expires then sheriff's deed shall issue, and when the legislature provided that no sheriff's deed should issue until a hearing is had upon such application, it is our opinion that the period of redemption was thereby extended until the date of the hearing. The result thereof is that the period of redemption still being in existence, up to and until the date of the hearing, the court certainly retained jurisdiction, and the reasoning of the three cited cases could not possibly apply to the instant case because in those cases the rulings were based squarely upon the proposition that the period of redemption had expired before the hearing.''

■■■ We conclude that the opinion in the Albers case, a part of which is above quoted, is decisive of the question of jurisdiction involved in the instant appeal, and it is our further conclusion that the court did not err in assuming jurisdiction and hearing the application for the additional extension and granting the additional extension to March 1, 1939.

■■■ The only other question involved is as to the action of the court in granting the extension for the reason as claimed by the appellant that the defendants have not shown good faith in attempting to refinance, and have failed to show any workable plan upon which plaintiff's debt could possibly be taken care of within the extended period. We do not think there is merit in appellant's contention in this regard. The law places no burden

upon the appellees to make a showing entitling them to the extension of the period of redemption. The act under consideration itself provides that the extension shall be granted *unless good cause is shown to the contrary*. (Italics supplied.) The appellant relies upon the cases of Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338, and Reed v. Snow, 218 Iowa 1165, 254 N. W. 800, but the fact questions as disclosed in those cases, and in the record in the instant case, show that an entirely different situation exists in the instant case than is disclosed in either of the other two. The facts as detailed in the case of Replogle v. Ebert, 223 Iowa 1007, 274 N. W. 37, are more closely parallel to the facts in the instant case. And in the last-cited case we sustained the granting of the extended period. And as we said in First Trust Bank v. Merrick, 221 Iowa 585, 588, 266 N. W. 279, 281:

" 'When determining what is or is not good cause the district court must keep in mind the purposes of the statute together with the fact that under the statute the granting of the continuance is to be the rule.' " See, also, Bank v. Wood, 222 Iowa 985, 270 N. W. 416; Bank v. Albers, supra.

The record shows the land involved is of the probable present value of $150 an acre, and there is practically 100 acres. The land was purchased in 1912, in practically an unimproved condition for $140 per acre. The appellees have since brought the farm to a high state of improvement and cultivation. A new house has been placed thereon together with two barns, granary, hen house, hog house, windmill, fences, and $2,700 has been expended in tiling. The record shows that the appellees are hard working, industrious, people and there seems great probability that they will be able to refinance or in some other manner take care of their indebtedness during the extended period of redemption granted them in the instant case.

We are of the opinion that the trial court was right in granting the extended period of redemption, and an affirmance necessarily follows.—Affirmed.

STIGER, C. J., and KINTZINGER, DONEGAN, MITCHELL, RICHARDS, HAMILTON, SAGER, and MILLER, JJ., concur.