Equitable Life Insurance Company, Appellee, v. Jerome F. McNamara, Appellant.

No. 44117.

April 5, 1938.

Carl M. Adams and Alan Loth, for appellee.

Breen & Breen, for appellant.

Anderson, J.—An action in foreclosure was commenced in

the district court of Webster county, Iowa, in June, 1934, by the plaintiff, appellee, seeking to secure judgment and foreclose a mortgage of approximately $25,000 upon 354 acres of land in Webster county, Iowa. The testimony as to value of the land ranges from $32,000 to $43,000, with probably the weight of the evidence fixing the value at approximately $36,000. An application for continuance under the provisions of the so-called Moratorium Act of the 45th General Assembly, ch. 179, asking for a continuance to March 1, 1935, was filed by the defendant. The plaintiff resisted the application, and, upon a hearing thereon on December 10, 1934, Judge O. J. Henderson of that district granted the continuance. During the hearing on the application for this continuance, the defendant, McNamara, paid into the clerk's office the sum of $1,428.46 as the proceeds from the sale of his share of the corn raised upon the mortgaged premises during the 1934 season. There were some other items of income from the farm including the sale of some hay, oats, and some cash rent amounting to something like $500, which had been collected and appropriated by the defendant prior to the foreclosure action and which total amount the trial court permitted the defendant to retain. The plaintiff, Insurance Company, promptly appealed from the order granting this continuance, and upon a disposition of the appeal by this court the action of the trial court in granting the continuance was affirmed, and upon rehearing such affirmance was again approved. Equitable Life Insurance Co. v. McNamara, 220 Iowa 297, 259 N. W. 231, 262 N. W. 466. The trouble with the further disposition of the case occurred by reason of a misinterpretation of Justice Parsons' opinion filed in the case referred to. The opinion does not hold that the trial court erred in granting the continuance in the first instance and only questions and discusses the propriety of the trial court in its dealing with the disposition of the rents and profits of the land during the 1934 season, and in effect held that by reason of a chattel mortgage clause or provision contained in plaintiff's real estate mortgage that the plaintiff was entitled to take possession of and appropriate all of the crops produced upon the land after the commencement of the foreclosure proceeding and that the moratorium law could not and did not apply to such proceeds. Upon the filing of the procedendo in the case appealed, the plaintiff, Insurance Company, filed a motion to modify the former order

of continuance, which motion was sustained, and an order was entered requiring the defendant, McNamara, to pay into the clerk's office the sum of $511.35 covering the items of rent collected by the defendant prior to the commencement of the foreclosure action and provided in the modified order that unless this additional amount was paid into the clerk's office within thirty days or on or before November 25, 1935, the continuance would be revoked. This modified order was not warranted by the Parsons' opinion. However, the defendant being unable to raise the $511.35 within thirty days the Insurance Company filed a motion for a termination of the order of continuance and for a decree of foreclosure. This motion was sustained and decree of foreclosure was entered. The land was sold under a special execution on the 27th day of January, 1936. It may be noted here that at the time of entering judgment the presiding judge, Hon. O. J. Henderson, commented that he did not know what Justice Parsons' opinion meant, but that another judge, Hon. T. G. Garfield, had by the order modifying the order of continuance interpreted the opinion and that he, Judge Henderson, was bound by such interpretation and by the order modifying the order of continuance.

▐▐▐   On January 11, 1937, sixteen days prior to the expiration of the statutory period of redemption, the defendant, McNamara, filed application for extension of the redemption period to March 1, 1937, under the provisions of the Acts of the 46th General Assembly, ch. 110. Resistance was filed to this application based upon several grounds, among which was: (1) The application was not properly made because it was not accompanied by any court order or notice; (2) that the foreclosure decree adjudicated the extension of the redemption period and that it could not be altered by any order under the moratorium law; (3) that the continuance had been terminated by reason of the failure of McNamara to pay the approximate sum of $500 as provided in the amended order of continuance; and (4) because having revoked the order for continuance under the first Moratorium Act, Acts 45 G. A., ch. 179, the defendant was barred from seeking additional relief under the Acts of the 46th General Assembly, ch. 110. The hearing on this second application was commenced on February 9, 1937, before another of the judges in that district, the Hon. Sherwood A. Clock. Upon this hearing the court records of the prior pro-

ceedings were introduced and some testimony in reference to the value of the real estate involved and, as we have indicated, it is fair to conclude that such testimony showed the value of the land to be between $5,000 and $10,000 in excess of the amount due under the mortgage. After the evidence was introduced the matter was taken under advisement by the court and was decided by the court on March 15th, following, and the application for the continuance was denied. During the interim between the commencement of the hearing and the termination thereof, the defendant paid into the office of the clerk the $511.35 with approximately $50 interest being the balance of the proceeds from the farm during the season of 1935, and with this payment the plaintiff, Insurance Company, had received every dollar they had coming from the farm together with accrued interests and costs from the day the foreclosure proceeding was started. The court in refusing to grant the extension to March 1, 1937, apparently based his decision on two grounds: First, that the court had no jurisdiction to grant an extension for the reason that the decree of foreclosure fixed the period of redemption to one year. Of course, this ground is absolutely untenable. The purpose and intent of the moratorium statute was to extend the statutory period of redemption and the court certainly had jurisdiction under the Moratorium Acts to ignore the statutory period of redemption and grant and fix a new period. And the second ground apparently was that the defendant having been denied the extension under his first application could not again assert a right to an extension under the second act. It is from this ruling of Judge Clock that this appeal is prosecuted.

On February 21, 1937, the last Moratorium Act having been enacted by the 47th General Assembly and having been and being in force and effect, an additional application was filed by the defendant for an extension of the redemption period to March 1, 1939. This application was filed prior to the time that the hearing on the prior application had been terminated and decided and consequently came under the provisions of section 7 of chapter 78 of the 47th General Assembly, which provides that "All applications which have been filed for extension of redemption and upon which no hearings have been held shall be in full force and effect." This last application was heard on the 16th of March, 1937, before Judge T. G. Garfield and an

order entered denying the application for further extension and an order was entered directing the sheriff to issue a deed under the foreclosure sale. However, the court added to his order the following: "But if the Supreme Court of Iowa shall hold that this court erred in determining that Jerome F. McNamara had no right to an extension of the redemption period under the Acts of the 46th General Assembly, then upon the procedendo under such holding being filed in this court the defendant, Jerome F. McNamara, shall have the right to have his application under the Acts of the 47th General Assembly re-instated; and in such event the resistance and objections of the plaintiff now on file with respect to such application shall be considered as applying to the same; and said application and resistance shall be heard without this order constituting a prior adjudication with respect thereto."

The order of Judge Clock of March 15, 1937, denying the application for continuance under the Acts of the 46th General Assembly found that the court had "no jurisdiction to extend the redemption period beyond January 28, 1937, when it originally expired; and also that the entire matter had been adjudicated in the decree of December, 1935, foreclosing the mortgage"; and further held that the court had no discretionary power to change the order of the supreme court or to change the final decree of foreclosure of the district court.

It will be noticed that the basis of the order of March 15th, denying the application for continuance under the Acts of the 46th General Assembly was based upon the thought that the prior order denying the first continuance and entering judgment of foreclosure was an adjudication of the matters involved and that the court had no jurisdiction to change the order entered in that prior proceeding and no jurisdiction to extend the statutory period of redemption as fixed in the prior order and decree of foreclosure. We are of the opinion that the court was wrong in refusing the application for a continuance or extension under the Acts of the 46th General Assembly, and that the same conditions and fact situation existed at the time of the denial of the extension as had existed at the time Judge Henderson entered the first order of continuance under the first Moratorium Act. And at the time Judge Henderson entered the first order continuing the case he necessarily found that the defendant was entitled to the continuance upon the fact showing

at that time and such finding was approved and affirmed in the Parsons' opinion on the appeal from such order. It would follow that if the court had jurisdiction to grant the extension under the Acts of the 46th General Assembly that it should have extended the period of redemption on the facts developed in the record.

As we have indicated, the application for continuance which was under the 46th General Assembly, which was denied and from which this appeal is prosecuted, was pending at the time of the effective date of chapter 78 of the 47th General Assembly, known as the last Moratorium Act, and that act provided, as we have indicated, where hearings have not been had upon pending applications "All applications * * * shall be in full force and effect." It must be noticed that this law had been in full force and effect approximately thirty days prior to the time that Judge Clock ruled that he had no jurisdiction over the application for continuance in his order of March 15, 1937. The language of this section (7) answers the contention of the appellee that the cases of Iowa-Des Moines Nat. Bank v. Alta Casa Investment Co., 222 Iowa 712, 269 N. W. 798; Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833; Ditto v. Edwards, 224 Iowa 243, 276 N. W. 20, are determinative of the issues here presented.

■■■ The appellee contends that section 7 of chapter 78 is not applicable to the record situation in the instant case because the application for continuance was not pending and a hearing had been had thereon prior to the effective date of the legislation in question. This seems to raise the question as to what is meant by a hearing as used in the section referred to. As we have indicated, the hearing on the application commenced on February 9th, and it was not finally determined by the court until March 15th, and we are of the opinion that the application was pending within the meaning of section 7 at the time chapter 78 became in force and effect on February 18, 1937. We are inclined to accept the definition of "hearing" as meaning the trial of an issue, including the introduction of the evidence, the arguments, the consideration by the court, and the final decree and order. 4 Words & Phrases, First Series, page 3236; West Chicago Park Commissioners v. Riddle, 151 Ill. App. 487; Miller v. Tobin, C. C. 18 Fed. 609; Babcock v. Wolf, 70 Iowa 676, 28 N. W. 490; Root v. Mills, 7 Cir., 168 F. 688.

 And under this definition it must be held that the application involved in this appeal for extension of the period of redemption was pending and that no hearing had been held thereon at the time of the going into effect of chapter 78 of the Acts of the 47th General Assembly, and that the trial court erred in holding it did not have jurisdiction to hear and determine the application for continuance under the Acts of the 46th General Assembly.

It follows that the case must be reversed and remanded with instructions to the trial court to grant the application for continuance to March 1, 1937, for the purpose only of reinstating the application for continuance under the Acts of the 47th General Assembly, in accordance with the finding of Judge Garfield in his order of March 17, 1937; and that the resistance and objections of plaintiff to the order shall also be reinstated and that said application and the resistance shall be heard without any reference to any prior adjudication.

The motion to dismiss the appeal submitted with the case is overruled.—Reversed and remanded.

STIGER, C. J., and MILLER, KINTZINGER, and RICHARDS, JJ., concur.

HAMILTON, J., dissents.